IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOEL DOMINGUEZ SANCHEZ, | § § § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. 9:26-CV-00388 |
| ALEXANDER SANCHEZ, in his official capacity as Warden, IAH Secure Adult Detention Facility; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; and TODD WALLACE BLANCHE, in his official capacity as Acting Attorney General, | § § § § § § § § § | JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § § | |

## **ORDER DENYING PETITION FOR HABEAS CORPUS**

Before the Court is Petitioner Joel Dominguez Sanchez (Dominguez)'s Petition for Writ of Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### **I. BACKGROUND**

Dominguez is a Cuban national who entered the United States in 2024. Dominguez was inspected upon entry and was given an "admit until" date of July 3, 2026. [Dkt. 1]. Dominguez was detained by immigration authorities in July 2026, after his authorized stay period expired. *See id.* On July 21, 2026, Dominguez brought a habeas corpus petition, claiming that his detention violates federal law. *Id.*

### **II. LEGAL STANDARD**

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding,

1

the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

#### A. Immigration and Nationality Act

Dominguez argues that he has been improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). [Dkt. 1]. Section 1225(b)(2)(A) provides that aliens "shall be detained" if they are "applicants for admission" and are not found "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Dominguez contends that, because he was inspected and processed upon his arrival in the country, he is not an applicant for admission and therefore not subject to mandatory detention without bond. [Dkt. 1].

While Dominguez may be correct, he is still not entitled to habeas relief because another statute, 8 U.S.C. § 1226(a), authorizes his detention. Section 1226(a) provides that aliens "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Once an alien is detained, the Attorney General may "continue to detain the arrested alien" or order the alien released on bond. § 1226(a)(1)–(2). Section 1226 does not expressly require bond hearings either, although it allows detainees to request them when appealing initial custody determinations. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, Dominguez's detention is permissible.

#### B. Due Process

Dominguez also argues that his detention without a bond hearing violates due process. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within ninety days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated,

and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

While the now-vacated *Rodriguez* opinion recognized a due-process right to bond hearings after ninety days of detention, it did not hold that habeas corpus was the proper way to assert that right.[1] *See* 2026 WL 1906557 at *16. Under longstanding Fifth Circuit precedent, habeas proceedings are appropriate only to challenge unlawful confinement, not mere procedural deprivations. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Here, Dominguez's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to offer him a bond hearing. *See* [Dkt. 1]. Dominguez's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be raised in a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if properly performed. *See id.* Here, a properly conducted bond hearing would not invariably result in Dominguez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not guarantee Dominguez's release from custody, a habeas proceeding is not the proper arena for Dominguez to contest his lack of a bond hearing. *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Dominguez's Petition for Writ of Habeas Corpus [Dkt. 1] is

---

[1] The issue was not properly before the Court in *Rodriguez*.

hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 11th day of August, 2026.**

Michael J. Truncale
United States District Judge